MARBURY (LINGAN v.). See Case No. 8,-371.

MARCELLA, The (TAYLOR v.). See Case No. 13,797.

MARCELLUS, The (CAMP v.). See Case No. 2,347.

## Case No. 9,060.

### In re MARCER.

[6 N. B. R. 351; [1] 29 Leg. Int. 76.]

District Court, E. D. Pennsylvania. Feb. 29, 1872.

BANKRUPTCY — PETITIONING CREDITOR — RECEIPT OF PART OF CLAIM.

The receipt by a creditor of part of his claim does not preclude him from petitioning to have his debtor adjudged a bankrupt if the creditor offers to bring this payment into the registry of the court.

[In the matter of the petition of the creditors of J. F. Marcer, a bankrupt.]

George D. Budd, W. J. McElroy, and C. H. T. Collis, City Sol., for city of Philadelphia.

David W. Sellers, for bankrupt.

CADWALADER, District Judge. The thirty-ninth section of the bankrupt law [of 1867 (14 Stat. 536)] enacts, not only that a payment or transfer by an insolvent person to a creditor, with intent to give a preference, shall be an act of bankruptcy, but also that a payment, gift or transfer, made by the insolvent with such intent, to any person or persons liable for him as sureties, shall be an act of bankruptcy. Therefore, if any other creditor than the city of Philadelphia had been the petitioner, the

[1] [Reprinted from 6 N. B. R. 351, by permission.]

payment or transfer made by this debtor to the persons who were sureties on his bond to the city, would unquestionably have constituted an act of bankruptcy. The fund which was the subject of this preference was paid in money to the city by the sureties with other money of their own, in discharge of their liability on the bond. The whole sum thus paid, being the amount of the penalty of the bond, was not more than, say one-fourth, of the alleged bankrupt's debt to the city. The question is, whether such receipt of the part of the debt secured by the bond precludes the city from suing here as the petitioning creditor.

If the city had actively promoted the payment and appropriation of the fund in question to the indemnification of the sureties, in order that this very fund might become a specific part of what should be received from the sureties in discharge of the bond, or if the sureties had paid the whole amount of their liability on the express condition that this fund should be received as part of such payment and it had been so accepted, there would in either case have been such an election as to preclude the city. But nothing of the kind is alleged. Whether the city or its officers knew of the source from which the payment was, in part, derived, is immaterial to the question of election. To constitute an election it is not enough that the party to be precluded shall know the fact on which the question of election depends. He must also be made to understand that the question has arisen and that he is put to his election. 11 H. L. Cas. 588, 602, 603, 611–613. The money, as it was offered in this case, could not have been refused. The payment has discharged the bond at law, leaving open all equities under questions of preference and of election. But the fund in question having found its way into the possession of the city, the petition, as originally framed, was not sustainable, because it contained no offer to bring this fund into the registry of the court, or otherwise make it a part of the estate in bankruptcy. This difficulty has been removed by the averment and offer contained in the amendment of the petition. If there should be no other creditor than the city, and a bill in equity at the suit of the assignee in bankruptcy should be hereafter sustainable against the sureties, they will be entitled to a deduction or credit equal to what would have been their dividend of the fund in question.

What might have been the course of procedure if the city had not been a creditor to an amount exceeding that of the bond, or if the excess had not been so great as to make the question one of mere deduction or credit, need not be considered. For the present, the rule that a party asking equity must do equity, or offer to do it, has been complied with.

The debtor is adjudged a bankrupt. The usual bond of the petitioning creditor is dispensed with.